UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT L. HOLLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:16-cv-00305-WTL-DLP |
| | ) |
| DUSHAN ZATECKY individually and in his official capacity as Superintendent of the Pendleton Correctional Facility, et al., | ) ) ) ) ) ) ) |
| Defendants. | ) |

**ENTRY DENYING MOTION REQUESTING CERTIFICATION
OF ORDERS FOR INTERLOCUTORY APPEAL**

Plaintiff Robert Holleman has asked the Court to certify three recent orders for interlocutory appeal. A district judge may certify an order for interlocutory appeal if:

(1) the order involves a controlling question of law;

(2) there is a substantial ground for difference of opinion on that question; and

(3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

28 U.S.C. § 1292(b).

**I. Order Granting Extension of Time**

Mr. Holleman first asks the Court to certify its April 2, 2018 order granting the defendants an extension of time to respond to his motion to strike his deposition testimony. Dkt. No. 89. Mr. Holleman filed his motion to strike on March 9, 2018, so the defendants' response was due on March 23, 2018, under Local Rule 7-1(c)(2)(A). However, Federal Rule of Civil Procedure 6(b)(1) allows district courts to award extensions of time. Moreover, although district courts have

discretion to require strict compliance with local rules, they may also "exercise their discretion in a more lenient direction." *Modrowski v. Pigatto*, 712 F.3d 1166, 1169 (7th Cir. 2013) (citing *Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir.2011)). "[L]itigants have no right to demand strict enforcement of local rules by district judges." *Id.* "[U]nless the district court enforce[s] (or relax[es]) the rules unequally as between the parties, the decision to overlook any transgression [of the local rules] is left to the district court's discretion." *Id.* (internal quotation marks and citation omitted).

Mr. Holleman has not shown—or even asserted—that the Court has required him to comply more strictly than the defendants with the local rules. Under the settled law of this jurisdiction, the decision to grant the defendants additional time to respond was well within the Court's discretion. The Court's order does not raise a question with a substantial ground for differences of opinion and therefore cannot be appropriately certified for interlocutory appeal.

## II. Order Denying Motion to Strike

Mr. Holleman next asks the Court to certify its order denying his motion to strike his deposition testimony. *See* Dkt. No. 91 at § III. On January 19, 2018, the defendants served Mr. Holleman with notice that they would depose him on February 7. On February 5, the defendants notified Mr. Holleman that they would need to reschedule the deposition due to an illness, and, on February 7, they sent him notice that the deposition would take place February 14. Mr. Holleman participated in the deposition but then moved to strike his testimony on grounds that the time between the second notice and the deposition was less than the 14 days required by Local Rule 30-1(d). The Court denied the motion to strike, reasoning that rescheduling the deposition only gave Mr. Holleman additional time to prepare.

This order also does not raise a question with a substantial ground for differences of opinion. At most, Mr. Holleman has raised a question of interpretation of a local rule—a matter over which the district court has considerable discretion. *See Modrowski*, 712 F.3d at 1169. This order cannot be appropriately certified for interlocutory appeal.

### III. Order Denying Motion to Compel

Finally, Mr. Holleman asks the Court to certify its order denying his motion to compel the defendants to produce documents they withheld based on the work-product and attorney-client privileges. *See* Dkt. No. 91 at § I(A). "Ordinarily it is difficult to believe that a discovery order will present a controlling question of law or that an immediate appeal will materially advance the termination of the litigation. Thus, in most instances review under [§ 1292(b)] should not be allowed." 8 Charles Alan Wright, et al., *Fed. Prac. & Proc. Civ.*, § 2006 (3d ed. 2018 update). As Judge Barker noted in declining to certify an order denying a motion to compel documents withheld based on privilege:

> The issue of the documents to which plaintiff will have access in building his case is not a controlling question of law. Granted, it will impact the way that the case is tried, but not in a fundamental way.

*Stout v. Ill. Farmers Ins.*, 882 F. Supp. 776, 778 (S.D. Ind. 1994). The Court's denial of Mr. Holleman's motion to compel is not appropriate for interlocutory appeal.

### IV. Conclusion and Further Proceedings

For the reasons discussed above, Mr. Holleman's motion requesting certification for interlocutory appeal, Dkt. No. 92, is **denied**. The timelines established in Part V of the Court's April 17, 2018 entry remain in effect.

**IT IS SO ORDERED.**

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 5/8/18

Distribution:

ROBERT L. HOLLEMAN
10067
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Jefferson S. Garn
INDIANA ATTORNEY GENERAL
Jefferson.Garn@atg.in.gov

Christine Potter Wolfe
INDIANA ATTORNEY GENERAL
christine.wolfe@atg.in.gov